IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELINA M. SANCHEZ,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 14-CV-1380 |
| ) | |
| THE PRESBYTERIAN MANORS OF  ) | |
| MID-AMERICA, INC. and PRESBYTERIAN  ) | |
| MANORS, INC.  ) | |
| ) | |
| Defendants.  ) | |

**COMPLAINT**

FOR HER COMPLAINT against the Defendants, the Plaintiff alleges as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter which arises under the statutes of the United States, specifically the Americans with Disabilities Act, 28 U.S.C. § 1331, as amended, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b).

**Parties**

2. Angelina M. Sanchez ("the Plaintiff") is a 51-year-old Hispanic female who was employed by the Defendants Presbyterian Manors of Mid-America Inc. and Presbyterian Manors, Inc. from June 22, 2011 until termination of her employment by Defendants on or about February 20, 2013.

3. Defendants Presbyterian Manors of Mid-America, Inc. ("PMMA") and Presbyterian Manors, Inc. ("PMI") are registered as Kansas not-for-profit corporations with the same mailing address and the same registered offices at 6525 E. Mainsgate, Wichita, Kansas 67208. PMMA

1

identifies itself as the management corporation for PMI, and both share the same corporate headquarters located at 6525 E. Mainsgate, Wichita, Kansas 67208.  PMMA and PMI shall be referred to in this Complaint as "the Defendants".  Defendants employed the Plaintiff at a retirement community named Salina Presbyterian Manor ("SPM") located at 2601 E. Crawford Street in Salina, Kansas.  This facility was Plaintiff's workplace throughout her employment with Defendants and at the time that the Defendants terminated the Plaintiff's employment.

4. Plaintiff has fulfilled all conditions precedent to the institution of this action.  Plaintiff timely filed a charge of illegal race-based and disability-based discrimination on July 1, 2013, with the Kansas Human Rights Commission (Docket No. 563-2013-01616).  This Charge was cross-filed with and investigated by the Equal Employment Opportunity Commission.  On August 19, 2014, a Dismissal and Notice of Rights was mailed to Plaintiff from the Equal Employment Opportunity Commission and she has filed this action within 90 days of her receipt of that Notice.

### Facts Common to Claims for Relief

5. From June 2011 until February 2013 Plaintiff was employed by Defendants as a certified nurse's aide (CNA) at Defendants' SPM facility in Salina.

6. On August 12, 2012 Plaintiff suffered an injury to her shoulder during the course of her employment.  Plaintiff commenced a worker's compensation claim.

7. Plaintiff then worked light duty assignments until given a release from her physician to return to work on December 7, 2012 without restrictions.

8. Plaintiff continued to experience difficulties with her shoulder and in January 2013 she spoke with Ms. Desi Flerlage, Defendants' Assistant Director of Health Care Services to

request that she be accommodated by not being assigned bathing duty, as such duty required heavy lifting.

9. Despite Plaintiff's request she continued to be assigned bath aide duties during most of her work shifts.

10. On February 8, 2013 Plaintiff gave a written request for accommodation to Ms. Nikky Deatherage, Defendants' Director of Human Resources. The accommodation requested was to not be assigned to be the bath aide.

11. On February 20, 2013 Plaintiff contacted Defendants to inform them she would not be able to work her scheduled shift on February 21, 2013. Plaintiff explained that she needed to miss work in order to interview for a part-time job to supplement her part-time job with Defendants.

12. On February 21, 2013 Plaintiff's immediate supervisor Ms. Kathy Corona, Defendants' Director of Nursing called Plaintiff to confirm Plaintiff was taking the day off in order to interview. When Plaintiff confirmed such, Ms. Corona informed her she was fired.

13. Plaintiff was fired for the alleged reason of missing work, despite not having been given prior warnings and despite not having exceeded the number of absences set forth in Defendants' personnel policy manual which could result in employee termination.

14. Plaintiff had fewer absences from work than did similarly-situated white employees who were not fired by Defendants.

15. The Defendants' explanation for its termination of the Plaintiff's employment is not credible and is a pretext for the actual reasons for the termination of the Plaintiff's employment—her race and her disability or perceived disability. The Defendants' termination of the Plaintiff's employment on account of her race and her disability or perceived disability was

done willfully, wantonly with malice and in knowing or reckless disregard of the Plaintiff's federal statutory rights.

## FIRST CLAIM FOR RELIEF:  VIOLATION OF TITLE VII

16. The Plaintiff incorporates paragraphs 1 through 15 above as if set forth fully here.

17. The Defendants' termination of the Plaintiff's employment was on account of her race.  The Defendants' disparate treatment of the Plaintiff based upon her race violated her rights under Title VII of the Civil Rights Act of 1964.

18. The Defendants' termination of the Plaintiff's employment caused her economic loss, emotional distress, embarrassment and humiliation.

Wherefore, the Plaintiff prays that the Court declare the actions of the Defendants to be unlawful, and award her damages, including punitive damages, her costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF:  VIOLATION OF 42 U.S.C. § 1981

19. The Plaintiff incorporates paragraphs 1 through 18 above as if set forth fully here.

20. The Defendants' termination of the Plaintiff's employment on account of her race violated the Plaintiff's rights under 42 U.S.C. § 1981 with regard to her ability to make and enforce contracts.

21. The Defendants' termination of the Plaintiff's employment caused her economic loss, emotional distress, embarrassment and humiliation.

Wherefore, the Plaintiff prays that the Court declare the actions of the Defendants unlawful, and award her damages, including punitive damages, her costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF; VIOLATION OF THE ADA

22. The Plaintiff incorporates paragraphs 1 through 21 above as if set forth fully here.

23. The Plaintiff was qualified to perform the essential functions of her job with or without accommodations.

24. The Defendants unlawfully discriminated against the Plaintiff based upon her disability or perceived disability when they terminated her employment.  The Defendants also discriminated against the Plaintiff when they failed to engage in a good faith interaction with the Plaintiff and to provide her with a reasonable accommodation.

25. The Defendants' termination of the Plaintiff's employment caused her economic loss, emotional distress, embarrassment and humiliation.  The Defendants' wrongful conduct was done willfully and in reckless disregard of the Plaintiff's rights.

Wherefore, the Plaintiff prays that the Court declare the actions of the Defendants to be unlawful and enter judgment in her favor, award her damages, including punitive damages, her costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF:  RETALIATION

26. The Plaintiff incorporates paragraphs 1 through 25 above as if set forth fully here.

27. The Defendants' termination of the Plaintiff's employment was in retaliation for her request for a reasonable accommodation, violating her rights under the ADA.

28. The Defendants' termination of the Plaintiff's employment caused her economic loss, emotional distress, embarrassment and humiliation.

Wherefore, the Plaintiff prays that the Court declares the actions of the Defendants to be unlawful, and award her damages, including punitive damages, her costs and attorneys' fees.

### General Claim for Relief

The Plaintiff prays that the Court award her such other and appropriate relief as the Court deems just.

**Demand for Jury Trial**

The Plaintiff demands a jury trial on all matters triable under law before a jury.

**Designation of Place of Trial**

The Plaintiff designates Wichita, Kansas, as the place of trial.

Respectfully submitted,

s/ Michael M. Shultz_____
Michael M. Shultz #18093
LAW FIRM OF MICHAEL M. SHULTZ
901 Kentucky, Suite 305
Lawrence, Kansas 66044
TEL: 785-838-4300
Email: Michael@theshultzlawfirm.com

s/ James M. Kaup_____
James M. Kaup #10198
KAUP LAW OFFICE
214 SW 6th Ave., Suite 306
Topeka, KS 66603
TEL: 785-235-1111
FAX: 785-235-1141
Email: kaup@kauplawoffice.com

ATTORNEYS FOR PLAINTIFF